IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CHARLES DAVIS BURRELL,

                          Plaintiff,

v.                                          Civil Action No. 3:07–CV–456

COUNTY OF HENRICO, VIRGINIA
     and
POLICE OFFICER T. M. ALPHIN,

                        Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss by Defendants. For the reason stated below, the Motion shall be GRANTED.

**1.    Background**

Burrell alleges that his rights under the United States and Virginia Constitutions, 42 U.S.C. § 1983, and the Virginia Code, were violated by Officer Alphin during a traffic stop on March 21, 2005. When Officer Alphin learned that Burrell owned a gun, he asked Burrell whether the gun was in his car at that time. When Burrell said that it was, Officer Alphin ordered Burrell to get out of his car, located the weapon, and kept it in his possession until he finished ticketing Burrell for driving with an expired vehicle inspection sticker.

Burrell filed suit in Henrico County Court against the County of Henrico and Officer Alphin, who removed the case to this Court, which dismissed the case. See Burrell v. County of Henrico, No. 07-CV-235 (E.D. Va. June 25, 2007). The Court ruled that "despite the myriad legal theories

advanced by Plaintiff, he cannot alter the fact that his Complaint describes an ordinary traffic stop that did not result in any arrest, use of force, or unlawful seizure of his handgun." Id. at *1. Burrell appealed the Court's decision, and his appeal is currently pending.

Burrell filed this suit in the United States District Court for the District of Columbia,[1] and it was transferred to this Court on August 6. For the reason stated below, Defendants' Motion to Dismiss shall be GRANTED.

**2.    Discussion**

The doctrine of claim preclusion, or res judicata, prevents a party from re-litigating an issue that he raised, or could have raised, in a previous action that was litigated to a final judgment on its merits, Allen v. McCurry, 449 U.S. 90, 94–96 (1980); see Davis v. Marshall Homes, Inc., 576 S.E.2d 504, 506 (Va. 2003), provided that the party seeking to re-litigate a claim had a "full and fair opportunity to litigate [his] claim." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 n.22 (1982). No claims "arising from the same transaction" involved in the first suit may be litigated again. Id. A similar doctrine, issue preclusion or collateral estoppel, provides that once a court resolves an issue that is necessary to its judgment, the issue may not be re-litigated in any suit involving a party to the first case – even if the second suit is based on a different cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). These doctrines relieve parties from the cost and vexation of

---

[1] Burrell, who has been a party to more than twenty suits in this Court during the last two decades, is enjoined from filing any civil suits in this Court without its prior approval. See Burrell v. Jackson, No. 03–CV–198 (E.D. Va. May 9, 2003) (Hudson, J.).

having to defend multiple lawsuits, conserve judicial resources, and encourage parties to rely on courts' decisions. Allen, 449 U.S. at 94.

Burrell's claims in this case are nearly identical to those he litigated in this Court earlier this summer – and is continuing to litigate before the Fourth Circuit. His first suit was litigated to a final decision on its merits, and Burrell had a full and fair opportunity to explain his claims at that time. Thus, Defendants' Motion to Dismiss Burrell's Complaint shall be GRANTED.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this  17th  day of September 2007